## James S. Neville v. E. Brock.

1. SET-OFF—*When a Defendant is Not Barred by the Statute of Lim-
itations from Pleading.*—A defendant may plead a set-off or counter-
claim barred by the statute of limitations, while held and owned by him
to any action the cause of which was owned by the plaintiff, or person
under whom he claims before such set-off or counter-claim was so
barred.

**Assumpsit,** for services. Appeal from the Circuit Court of McLean
County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in
this court at the May term, 1900. Reversed and remanded. Opinion
filed September 11, 1900.

JONATHAN H. ROWELL and JACOB P. LINDLEY, attorneys
for appellant.

WELTY & STERLING, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by appellee against appel-
lant tried in the Circuit Court of McLean County without
a jury by consent of parties, resulting in a finding and judg-
ment against appellant for $65, to reverse which he prose-
cutes this appeal.

It appears from the evidence that appellee endeavored to
procure a loan for one Fairbanks, upon lands in Lee county,
Illinois, and had obtained the amount desired from one
Rhodes, who afterward declined to make the loan when it
was discovered that an additional $2,000 would be required
for the purpose desired by Fairbanks, who had already placed
in the hands of appellee $825 in cash to be applied in pay-
ment of such liens. Appellee returned this money to Fair-
banks, less his commissions and expenses in regard to nego-
tiating this loan, and contends that thereafter Fairbanks
requested him to find another loan for $14,400, which he
claims to have found from one Smith; but appellant, having
been also applied to by one Kirkpatrick, for a loan of
$14,000 for Fairbanks on this same land, went to appellee
for the purpose of inquiry and to get the abstract of title

to the land. Appellee at first refused to let him have the abstract, but later on he did let him have it, and contends, on his part, that he was induced to do so by the personal promise of appellant to pay him (appellee) $100, on account of his (appellee) having abandoned making the loan for Smith, and thus losing his commissions.

Appellant made the loan to Fairbanks, but refused to personally pay the $100 to appellee, insisting his promise to pay it was conditional upon Fairbanks owing it to appellee; and that the promise was made for Fairbanks and not for himself.

The defense interposed to the action was the statute of frauds and a set-off; to the set-off appellee interposed the statute of limitations and a general denial that he owed the same. There is a conflict in the evidence as to whether the promise made by appellant to appellee to pay him $100 when the abstract was given up was personal or not, and we are of the opinion that the finding of the trial court in favor of appellee on that point, is warranted by the evidence.

The trial court allowed appellant a credit of $35 on his set-off, but sustained the defense of the statute of limitations to so much of the set-off as appellant claimed was due him from appellee for performing, at his request, certain services and incurring certain expenses in looking after prospective loans and arbitrating a certain proceeding to foreclose a mortgage. The evidence shows that at the time this suit was begun such services had been performed and the expenses had been incurred more than five years; but that when appellee's claim for $100 accrued against appellant, five years had not transpired, and therefore appellant's claim against appellee for such services and expenses was not barred by the statute of limitations, for " a defendant may plead a set-off or counter-claim barred by the statute of limitations, while held and owned by him to any action the cause of which was owned by the plaintiff, or person under whom he claims, before such set-off or counter-claim was so barred." Sec. 17, Chap. 83, Starr & Curtis' Ill. Statutes (1896). A careful consideration of all the

evidence convinces us that such services were rendered and the expenses incurred by appellant at the request of appellee; and therefore the trial court should have allowed appellant so much therefor as the evidence shows such services and expenses were reasonably worth; and that it committed prejudicial error against appellant by not so doing; for which reason we reverse the judgment herein and remand the case to the Circuit Court for another trial. Judgment reversed and case remanded.